**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Shannon J. Leap, Esq. (SBN 339574)
*sleap@galipolaw.com*
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

*Attorneys for Plaintiff* REGINA CASTRO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA CASTRO,<br><br>                    Plaintiff,<br><br>        vs.<br><br>COUNTY OF LOS ANGELES,<br>CHAD MELTON, and DOES 1-10,<br>inclusive,<br><br>                    Defendants. | Case No.: 2:23-cv-02810-WLH-MARx<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER DIRECTING DEFENDANT COUNTY OF LOS ANGELES TO SHOW CAUSE AS TO WHY THE SETTLEMENT OF THIS ACTION HAS NOT BEEN CONSUMMATED**<br><br><u>OSC re Dismissal:</u><br>Date: August 22, 2025<br>Time: 1:00 p.m.<br><br>[Declaration of Marcel F. Sincich; Proposed Order *filed concurrently herewith*] |

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:**

COME NOW Plaintiff REGINA CASTRO for her *ex parte* application for a court order directing Defendant County of Los Angeles to consummate the settlement of this case. The Parties agreed to settle the above-referenced action in its entirety on December 15, 2023. The settlement is contingent upon final approval by the Los Angeles County Claims Board and the Los Angeles County Board of Supervisors. Over 18 months have passed since the Parties reached the conditional settlement, and yet this matter has not even been presented to the CEO of Risk Management, let alone presented to the Los Angeles County Claims Board or the Los Angeles County Board of Supervisors. Therefore, Plaintiff is filing the instant *ex parte* application requesting that this Court issue the proposed order filed concurrently herewith directing Defendant County of Los Angeles to show cause as to why the settlement of this action has not been consummated.

Plaintiff makes this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Marcel F. Sincich, which is submitted concurrently herewith. Prior to filing this *ex parte* application, on August 13, 2025, I sent opposing counsel a draft Response to OSC which included the substance of this *ex parte* application and made the request listed therein. On August 15, 2025, I emailed and left messages for opposing counsel seeking to discuss the substance of the instant *ex parte* application in compliance with Local Rule 7-19, 7-19.1. (Declaration of Marcel F. Sincich ¶3). Defendants are represented by: Jill Williams, Esq., CARPENTER, ROTHANS & DUMONT LLP; 500 South Grand Avenue, 19th Floor, Los Angeles, California 90071, T: (213) 228-0400; and Janet L. Keuper, Esq., SEKI, NISHIMURA & WATASE, PLC, 600 Wilshire Blvd., Suite 1250, Los Angeles, CA 90017, (213) 481-2869. (Sincich Decl ¶2).

County counsel requested that if the request is to be made for representatives to be present at the OSC, that Plaintiff requests a date with more than a week for Defendants to comply if granted by the Court, specifically requesting September 5, 2025. County counsel also indicated that they will not oppose this *ex parte* application and will state their position at the OSC. Plaintiff seeks instant relief on an *ex parte* basis because it has already been approximately 18 months since the Settlement Agreement and Release was executed, and Plaintiff is losing thousands of dollars in interest per month on the settlement funds. Filing this as a regularly noticed motion would only cause further delay and harm to Plaintiff and the parties' Order to Show cause is rapidly approaching making a regularly noticed motion impractical. (Sincich Decl ¶4-5).

Respectfully submitted,

DATED:  August 15, 2025          **LAW OFFICES OF DALE K. GALIPO**


                                 By: */s/ Marcel Sincich*_____
                                 Dale K. Galipo, Esq.
                                 Marcel F. Sincich, Esq.
                                 *Attorneys for Plaintiff* REGINA CASTRO

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff hereby respectfully submit this *ex parte* application for a court order directing (A) specific individuals with decision-making authority at each step of the approval process to e present or represented at the Order to Show Cause; (B) Defendant County of Los Angeles to explain why the settlement of this case has not yet been consummated, including why it took over a year and a half for the Los Angeles Sheriff's Department ("LASD") to perform in "internal review" of a matter that was conditionally settled on December 15, 2023, and for an incident that took place on March 13, 2022; and (C) for the Court to issue an order providing deadlines for Defendants to proceed at each remaining stage of the approval process.

This officer-involved shooting death matter to place on **March 13, 2022**. Plaintiff Regina Castro, the mother of the Decedent, filed her complaint in this action on April 14, 2023. (Doc. 1). On **December 15, 2023**, the Parties participated in a successful mediation with the Honorable Joseph Biderman (ret.). The Parties agreed to settle the case in its entirety, contingent upon the approval by the Los Angeles County Claims Board and the Los Angeles County Board of Supervisors. On December 27, 2023, the Parties filed their joint Status Report Regarding Conditional Settlement of the Entire Action and Requested to Continue and/or Vacate all dates (Doc. 44). On December 27, 2023, the Court set an Order to Show Cause re Dismissal for March 22, 2024 and vacated all dates and deadlines. (Doc. 45). On February 27, 2024, the Release in Full Settlement and Compromise Agreement was executed. The terms of the stipulation for settlement include that this Court shall retain jurisdiction to enforce the terms of the settlement agreement.

On March 6, 2024, the Parties filed their Response to OSC and Stipulation to Continue OSC re Dismissal, whereby the County estimated that the approval process will take approximately nine (9) months. (Doc. 46). Nine months even seemed long but Plaintiff was willing to continue to be reasonable. It has now been 18 months since the executed Settlement and Compromise Agreement. On March

18, 2024, the Court continued the OSC re Dismissal to January 17, 2025. (Doc. 48). On January 6, 2025, despite ten months earlier estimating it would take nine months, Defendants stated that the approval process is underway and is "expected to take another several months to complete." (Doc. 50.) On January 13, 2025, following stipulation of the parties, the Court again continued the OSC re Dismissal to April 25, 2025. (Doc. 51). On April 23, 2025, after "several additional months" nothing changed, and Defendants continued to claim that the approval process is underway and is "expected to take another several months to complete." (Doc. 54.) On April 24, 2025, following stipulation of the parties, the Court again continued the OSC re Dismissal to August 22, 2025. (Doc. 55). The settlement is subject to the County's approval process, which entails final approval by the Contract Cities Claims Board and the County of Los Angeles Board of Supervisors. It appears that the approval process still has not begun.

Once the LASD completed its internal review of a matter – three years and 4 months after the incident and over 18 months after the parties reached a conditional settlement, it supposedly forwarded its required documentation to the LASD Risk Management Bureau and the CEO of Risk Management for Los Angeles County for review. The LASD internal review process was completed in mid-July 2025, after which the required documents were forwarded to the LASD Risk Management Bureau and the CEO of Risk Management for Los Angeles County. Upon the concurrence of the CEO of Risk Management for Los Angeles County, the documentation is processed through the LASD chain of command. The CEO has not issued a statement of concurrence in the last approximate month, and it is unknown when the office of the CEO will make its determination.

Once the final signature process for LASD is complete, the documentation is provided to the CEO of Risk Management for Los Angeles County for final review and signature, at which time the matter can be placed on the Contract Cities Claims Board agenda. Defendants contend that they are hopeful that the CEO will issue a

determination in sufficient time to have the matter placed on the September 11 or October 2 agenda. There has been no explanation as to why the matter could not be on the August agenda, and no explanation as to why to would have to potentially be pushed to October. Still, there is no guarantee that the office of the CEO will make its determination in sufficient time and that would cause further delays in setting the matter on the Claims Board Agenda.

After approval by the Contract Cities Claims Board, the matter will then be placed on the Public Safety Cluster Review agenda, which Defendants contend is typically within 30 days. Again, with no guarantee, and Plaintiff could be left waiting another year for a necessary signature prior to the process continuing. Based on Defendants' expectations, at best, that will not occur earlier than November 2, 2025 without Court intervention. However, based on what has occurred thus far, there is no estimate as to how long further delays may be. After the Cluster Agenda has been advised of the settlement, the matter will go before the County Board of Supervisors for approval, which Defendants contend is typically within 30 days. Again, without guarantee. Based on Defendants' expectations, at best, it will not occur earlier than December 2, 2025 without Court intervention.

The Contract Cities Claims Board meets once a month, typically on the second Wednesday of the month. Defendants stated that it is expected that the matter will be on the Contract Cities agenda in or around October 2025.

**If** the Settlement is approved by the Contract Cities Claims Board, it is expected that it will be on the Board of Supervisors Agenda within 45 days. Based on Defendants' expectations, at best, that will not occur earlier than January 17, 2026 without Court intervention. **Then, if** approved by the Board of Supervisors, that Plaintiff will receive the settlement funds within 45 days of the final approval. Based on Defendants' expectations, **at best**, that will not occur earlier than March, 2026 without Court intervention, which is **2 years and 3 months** after the parties agreed to a conditional settlement. However, these no earlier than dates are

unacceptable without a no later than date. Without explanation as to whether any internal processes have been corrected over the last year and a half, Plaintiff is left anticipating further delay.

If the Settlement is approved, the Parties will file a stipulation to dismiss the entire action with prejudice within ten days of Plaintiff's receipt of the settlement funds. If the Settlement is not approved, then Defendants would have delayed and therefore denied justice to Plaintiff for nearly two years. If that occurs, Plaintiff proposes that the Parties should file an amended Rule 26(f) Report including proposing dates for trial.

Plaintiff entered into the settlement agreement with the expectation that they would receive their settlement funds within a reasonable amount of time. Now that approximately 18 months have passed since the Parties agreed to settle the case, Plaintiff is seeking court intervention to enforce the terms of the conditional settlement agreement. Given the amount of the settlement, the delay in the approval process and payment of the settlement funds has resulted in a significant loss to Plaintiff. Based on the amount of the conditional settlement, at 4% interest, Plaintiff is loses approximately $8,500 per month in interests, or a total of $229,500, in addition to the expenditure of time and resources by the Court and counsel.

Therefore, Plaintiff requests that the Court sets an Order to Show Cause hearing for **September 5, 2025, at 10:00 a.m., *held over Zoom***. At the Order to Show Cause Hearing, Defendant County of Los Angeles shall explain why the settlement of this action has not been presented before the relevant Boards, including why it took over a year and a half for LASD to perform an "internal review" of a matter that was conditionally settled of an incident that took place on March 13, 2022. Further, that counsel for Defendant County of Los Angeles shall ensure that the individuals with decision-making authority at each step of the approval process are present or represented at the hearing. Finally, Plaintiff requests

EX PARTE APPLICATION

that the Court issue an order providing deadlines to Defendants for when each step of the approval process must be completed.

   A similar request was to be made on August 1, 2025, in the matter of *R.H. et al. v. County of Los Angeles et al.*, Case No. 2:22-cv-05706-FMO-MAR, which was granted by the Court. (Sincich Decl ¶6, Exh. A, J. Olguin Order granting *ex parte* application).

Respectfully submitted,

DATED:  August 15, 2025          **LAW OFFICES OF DALE K. GALIPO**

                                 By: */s/ Marcel Sincich*
                                 Dale K. Galipo, Esq.
                                 Marcel F. Sincich, Esq.
                                 *Attorneys for Plaintiff* REGINA CASTRO

EX PARTE APPLICATION